IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER R. HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:08-00067 |
| v. | ) | Judge Wiseman / Knowles |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Supplemental Security Insurance ("SSI") benefits, as provided under Title XVI of the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket Entry No. 17. Defendant has filed a Motion for Judgment on the Pleadings and supporting Memorandum of Law, which will be construed as a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket Entry Nos. 23 and 26. Plaintiff has filed a Response to Defendant's Motion for Judgment on the Pleadings, which will be construed as a Reply. Docket Entry No. 27.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

1

## I. INTRODUCTION

Plaintiff protectively filed his application for SSI on January 10, 2005, alleging that he has been disabled since January 1, 2004, due to schizophrenia, gastroesophageal reflux disease ("GRED"), attention deficit hyperactivity disorder ("ADHD"), scoliosis, depression and paranoia. Docket Entry No. 12, Attachment ("TR"), TR 9, 33, 67, 73, 95, 125, 136. Plaintiff's application was denied both initially (TR 9, 21-22, 70-73, 83) and upon reconsideration (TR 9, 19-20, 65-67). Plaintiff subsequently requested (TR 52, 56) and received (TR 83-87) a hearing. Plaintiff's hearing was conducted on December 17, 2007, by Administrative Law Judge ("ALJ") Joan A. Lawrence. TR 274-302. Plaintiff, Vocational Expert Ernest W. Brewer, and Plaintiff's mother, Sandra Denis Hayes, appeared and testified. *Id*.

On January 25, 2008, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 6-18. Specifically, the ALJ made the following findings of fact:

1. The claimant has not engaged in substantial gainful activity since January 10, 2005, the application date (20 CFR 416.920(b) and 416.971 *et seq*.).

2. The claimant has the following severe impairments: schizophrenia, anxiety, and depression (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: He is limited but still can follow work rules, deal with work stresses, maintain attention/concentration,

2

|   | behave in an emotionally stable manner, respond appropriately to changes in the work setting, and complete a normal workweek. |
|---|---|
| 5. | The claimant is unable to perform any past relevant work (20 CFR 416.965). |
| 6. | The claimant was born on July 13, 1982 and was 21 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).[1] |
| 7. | The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964). |
| 8. | Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968). |
| 9. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966). |
| 10. | The claimant has not been under a disability, as defined in the Social Security Act, since January 10, 2005, the date the application was filed (20 CFR 416.920(g)). |

TR. 11-17 (footnote added).

On March 28, 2008, Plaintiff timely filed a request for review of the hearing decision. TR 5. On May 19, 2008, the Appeals Council issued a letter declining to review the case (TR 2-4), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g). If the

---

[1] Plaintiff was born on July 13, 1982 and filed his application for SSI on January 10, 2005. Accordingly, Plaintiff was 22 years old on the date the application was filed, not 21 as the ALJ reported. This difference is immaterial to the issues before the Court, however, as Plaintiff would be classified as a younger individual at either age.

Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II.  REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of Record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III.  CONCLUSIONS OF LAW

### A.  Standard of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner,* 105 F.3d 244, 245 (6th Cir. 1996) (*citing Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also

4

support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985) (*citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) (*citing Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

## B. Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

> (1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2) If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
> (3) If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[2] or its equivalent. If a listing is met or equaled, benefits are owing without further inquiry.
>
> (4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.
>
> (5) Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920 (footnote added). *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's

---

[2] The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, App. 1.

disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

### C. Plaintiff's Statement Of Errors

Plaintiff contends that the ALJ erred in: 1) "finding that [Plaintiff] could work at all exertional levels and in finding scoliosis a non-severe impairment"; and, 2) "fail[ing] to give proper consideration and weight to the evidence from [Plaintiff's] treating mental health care provider and in failing to find [Plaintiff's] mental impairment meets Listing 12.03." Docket Entry No. 18. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id.*

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery*

7

*v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994).

**1. Severity of Plaintiff's Scoliosis and His Ability to Perform All Exertional Levels**

Plaintiff first argues that the ALJ erred in finding that he could perform work at all exertional levels and in finding his scoliosis to be a non-severe impairment. Docket Entry No. 18. Plaintiff essentially contends that his scoliosis causes significant extertional restrictions that preclude him from working at all exertional levels. *Id.* As support for his assertion, Plaintiff, in his Reply, cites the opinions of Dr. Baskar Mukherji, who found that Plaintiff had "numerous paraspinal strains, based on idiopathic scoliosis," and Dr. Jerry Surber, who found that Plaintiff's impairment "would limit [him] to sedentary work or less." Docket Entry No. 27.

Defendant responds that the ALJ properly found that Plaintiff's scoliosis was non-severe. Docket Entry No. 26. Defendant argues, *inter alia*, that Plaintiff's impairment was not severe because Dr. Mukherji prescribed only a physical therapy regimen, which Plaintiff choose not to undergo. *Id.* Defendant also argues, *inter alia*, that, although Dr. Surber's opinion confirms Plaintiff's scoliosis, it also indicates that Plaintiff is able "to perform full squat and stand maneuvers and straight leg raises without pain." *Id.*

A medically determinable impairment or combination of impairments is "severe" if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.920. Conversely, an impairment is non-severe when it is a "slight abnormality which has a minimal effect on the individual." *Farris v. Secretary of Health and Human Services*, 773 F.2d 85, 89-90 (6th Cir. 1985). Additionally, an impairment is non-severe where

8

there is no evidence of "restricted motion and only 'minor' degeneration." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (*citing Crady v. Secretary of Health and Human Services,* 835 F.2d 617, 620-21 (6th Cir. 1987)). A pre-existing impairment that does not preclude a claimant from working will not constitute a basis for a finding of disability. *See Mowery v. Heckler*, 71 F.2d 966 (6th Cir. 1985).

As an initial matter, Plaintiff was diagnosed with scoliosis as a child. TR 205. Plaintiff nevertheless graduated from high school, attended college, and worked as a fast food cashier, cook, material mover, and data entry worker. TR 97-103, 130-131. Plaintiff's scoliosis, therefore, was a pre-existing impairment that did not preclude him from working. As discussed above, the Sixth Circuit has held that a pre-existing impairment that does not preclude a claimant from working will not constitute a basis for a finding of disability. *Mowery, supra.* Accordingly, Plaintiff's scoliosis cannot form the basis for his disability.

Addressing specifically Plaintiff's claims that his scoliosis should have nevertheless been deemed "severe," the ALJ in the case at bar properly evaluated Plaintiff's claims by considering the Record as a whole. TR 9-18. After considering the Record in its entirety, the ALJ concluded that Plaintiff's impairment did not impose any limitation on Plaintiff's functional mobility. TR 16. Specifically, the ALJ noted that: (1) no limitations had ever been placed on Plaintiff because of his scoliosis; (2) Plaintiff had not been prescribed any medication for his scoliosis; (3) Plaintiff's physical examination revealed a full range of motion in his spine; (4) Plaintiff did not complain of, or testify regarding, his scoliosis during the hearing; and (5) Plaintiff testified to washing dishes, doing laundry, playing on the computer, and playing games with his girlfriend and other friends. TR 11-12, 16.

9

As has been demonstrated, substantial evidence exists in the Record to support the ALJ's determination that Plaintiff's scoliosis did not impose any functional limitations upon him. Absent scoliosis-imposed functional limitations, the ALJ's determination that Plaintiff's scoliosis was non-severe was proper. Because Plaintiff's scoliosis was non-severe, it could not cause significant exertional restrictions that would preclude him from working at all exertional levels. Plaintiff's claim fails.

## 2.  Weight Accorded to the Opinion of Plaintiff's Treating Mental Health Care Provider and Meeting Listing 12.03

Plaintiff also argues that the ALJ failed to accord proper weight to the opinion of Stephen T. Moore, Plaintiff's treating mental health care provider, in determining that Plaintiff's schizophrenia, anxiety, and depression did not meet or equal Listing 12.03. Docket Entry No. 18. Specifically, Plaintiff contends that Dr. Moore's opinion that Plaintiff has great difficulty interacting with "the general public, and no useful ability to get along with coworkers or peers," demonstrates that Plaintiff's mental defects meet the requirements for Listing 12.03. *Id*. Plaintiff further contends that the ALJ has not properly articulated her reasons for discounting Dr. Moore's opinion. *Id.*

Defendant responds that the ALJ articulated her reasons for not according great weight to the opinion of Dr. Moore when she specified that Dr. Moore's opinion was "not supported by the medical evidence of record." Docket Entry No. 26. Defendant also responds that Plaintiff has failed to demonstrate that his impairment meets the requirements for Listing 12.03 and has further failed to specify the "requirements upon which he relie[d]." *Id.* Defendant argues that Plaintiff's psychological disorders have not precluded him from "performing simple, routine and repetitive tasks." *Id.* Defendant also notes that Dr. Moore had not prescribed any specific

10

treatment for Plaintiff's psychological disorder and that Plaintiff has failed to demonstrate that his psychological disorder has limited his "daily living" and "social functioning." *Id.*

With regard to the evaluation of medical evidence, the Code of Federal Regulations states:

> Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
> (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
> (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques *and is not inconsistent with the other substantial evidence in your case record*, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. ...
> (3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. ...
> (4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
> (5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

11

20 C.F.R. § 416.927(d) (emphasis added). *See also* 20 C.F.R. § 404.1527(d).

If the ALJ rejects the opinion of a treating source, he is required to articulate some basis for rejecting the opinion. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987). The Code of Federal Regulations defines a "treating source" as:

> [Y]our own physician, psychologist, or other acceptable medical source who provides you or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you.

20 C.F.R. § 404.1502.

Dr. Moore treated Plaintiff on numerous occasions over a period of several years, a fact that would justify the ALJ's giving greater weight to his opinion than to other opinions. *See* 20 C.F.R. §§ 416.927(d), 404.1527(d). As is demonstrated below, however, Dr. Moore's opinion contradicts other evidence of Record and is not fully supported by either the objective evidence of Record or Plaintiff's reported activities of daily living. TR 14. As the Regulations state, the ALJ is not required to give controlling weight to a treating physician's evaluation when that evaluation is inconsistent with other substantial evidence in the record. *See* 20 C.F.R. §§ 416.927(d)(2); 20 C.F.R. § 404.1527(d)(2). Instead, when there is contradictory evidence, the treating physician's opinion is weighed against the contradictory evidence under the criteria listed above. *Id.* Moreover, the Sixth Circuit has consistently ruled that the Secretary may reject the treating physician's opinion when it is not sufficiently supported by medical findings. *See, e.g.*, *Combs v. Commissioner*, 459 F.3d 640, 652 (6th Cir. 2006); *Walters v. Commissioner*, 127 F.3d 525, 530 (6th Cir. 1997); *Cutlip v. Secretary of H.H.S.*, 25 F.3d 284 (6th Cir. 1994).

As noted, the ALJ declined to accord great weight to Dr. Moore's opinion that Plaintiff had "marked" or "severe" limitations in all areas other than being aware of normal hazards and

12

taking appropriate precautions, and adhering to basic standards of neatness and cleanliness. TR 14. Contrary to Plaintiff's contention that she failed to state her reasons for discounting Dr. Moore's opinion, however, the ALJ articulated her reasons for not according Dr. Moore's opinion great weight, finding that it was unsupported by the Record and by Plaintiff's reported daily activities. TR 14-15. Specifically, the ALJ referenced Dr. Moore's progress notes, in which he described how Plaintiff had been engaging in regular social activities with friends and had been exercising. *Id.* The ALJ also noted Plaintiff's statements that, "Too much pot makes me anti-social"; "I don't think I need the medication"; and "When I'm off weed, I'm ok." TR 15.

The Regulations require the ALJ to state "the findings of fact and the reasons for the decision." 20 C.F.R. § 416.1453(a). The Sixth Circuit has found that "to require a more elaborate articulation of the ALJ's thought process would not be reasonable." *Gooch v. Secretary*, 833 F2d. 589, 592 (6th Cir. 1987). The ALJ reported her findings of fact and concluded that Dr. Moore's opinion contradicted other evidence of Record and was not fully supported by the objective evidence of Record or Plaintiff's reported activities of daily living. Accordingly, the ALJ complied with the law and her decision not to accord Dr. Moore's evaluation controlling weight. Plaintiff's argument, consequently fails.

With regard to Plaintiff's argument that he met or equaled the requirements of Listing 12.03, Listing 12.03 requires that Plaintiff demonstrate "A" *and* "B," *or* "C" as follows:

> A. Medically documented persistence, either continuous or intermittent, of one or more of the following:
>
> 1. Delusions or hallucinations; or
> 2. Catatonic or other grossly disorganized behavior; or

13

3. Incoherence, loosening of associations, illogical thinking, or poverty of content of speech if associated with one of the following:

    a. Blunt affect; or

    b. Flat affect; or

    c. Inappropriate affect; or

4. Emotional withdrawal and/or isolation;

AND

B. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended durations;

OR

C. Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

1. Repeated episodes of decompensation, each of extended duration; or
2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. pt. 404, Subpt. P, App. 1 § 12.03.

14

Plaintiff argues that he has had intermittent auditory hallucinations since 2002 (TR 165-168, 256-273), thereby satisfying the requirements of Part A. Docket Entry No. 18. Plaintiff also reports, however, that medication helped him "tune out" the voices. *Id.,* TR 242.

Plaintiff further argues that he satisfies the requirements of Part B because his "condition has resulted in marked difficulties maintaining social functioning," and "marked difficulties in maintaining concentration, persistence, and pace." *Id.*, TR 167-168, 243.

Despite Plaintiff's assertions regarding his "marked difficulties," the ALJ did not find that Plaintiff was so limited. TR 12, 17. Rather, after a comprehensive review of the Record, the ALJ determined that Plaintiff's schizophrenia did not preclude him from performing simple, routine, repetitive tasks. *Id.* Plaintiff, himself, reported that he washed dishes, did laundry, played on the computer, and "h[u]ng out" with his girlfriend and other friends. TR 283-284. The ALJ ultimately found that Plaintiff was only mildly limited in his activities of daily living and in social functioning, and moderately limited in maintaining attention and concentration. TR 12, 174-179, 184-197.

Because Plaintiff has failed to demonstrate that his impairments met or equaled Listing 12.03, his claim fails.

## IV.  RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this

Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge